UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THIERNO AMADOU DOUMBOUYA,

                  Petitioner,

-*against*-

LADEON FRANCIS, New York Field Office Director for U.S. Immigration and Customs Enforcement;  PAMELA BONDI, Attorney General of the United States;  KRISTI NOEM, Secretary of Homeland Security; and TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement,

                  Respondents.

ORDER

26-cv-1595 (ER)

---

EDGARDO RAMOS, United States District Judge:

    Thierno Amadou Doumbouya filed a Petition for the writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on February 25, 2026.  Doc. 1.  On February 26, 2026, the Court ordered the Respondents to file a letter indicating, *inter alia*, (1) whether the Petitioner was located in the Southern District of New York at the time that the Petition was filed, (2) the statutory provision(s) under which the Respondents assert the authority to detain the Petitioner, and (3) if the asserted basis for the Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A), whether there is any basis to distinguish this case from this Court's decision in *Liu v. Almodovar*, 25-cv-9256 (S.D.N.Y. Dec. 2, 2025).  Doc. 3.

    The Respondents filed the response letter on March 2, 2026.  Doc. 4.  In the letter, the Respondents concede that venue is proper because the Petitioner was in the Southern District of New York when the Petition was filed.  *Id.* at 1.  The Respondents also assert that the basis for the Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and that, "[a]s to the statutory question of which detention provision governs Petitioner's detention—8 U.S.C. § 1226 or 8 U.S.C.

§ 1225(b)(2)(A)—the instant case is not materially distinguishable from the Court's decision in *Liu*." *Id.* at 2.  Thus, while the Respondents "respectfully disagree with the Court's decision in that case, [they] acknowledge that the *Liu* decision would control resolution of that issue in this case if the Court adheres to its prior decision." *Id.*  The Respondents therefore do not raise any arguments for departing from *Liu*'s statutory holding, but rather "rely[] on, and incorporate by reference, the legal arguments [the respondents] presented in *Liu*." *Id.*  They also indicate that they "believe the Court can decide this matter without further briefing." *Id.*

Having been presented with no additional arguments for deviating from *Liu*, the Court therefore GRANTS the Petition for the reasons set forth therein.  While that would normally end the matter, the Court must briefly address the question of the appropriate remedy.  In *Liu*, the Court ordered that the petitioner be immediately released.  Here, the Respondents argue that the "case is different," because Doumbouya was arrested by the New York City Police Department in June 2025—over eight months prior to his current detention.  *Id.*  Thus, they contend that Doumbouya should not be released but rather ordered to receive a bond redetermination hearing pursuant to 8 U.S.C. § 1226(a).  Doc. 4 at 2.  The Court disagrees.

As the Court has previously explained, a bond redetermination hearing is only appropriate when there was an individualized determination to detain the noncitizen in the first place.  *See Vizhco Chunchi v. Francis*, No. 25-CV-10249 (ER), 2026 WL 249676, at *3 (S.D.N.Y. Jan. 30, 2026).  And here, the Respondents do not argue that they detained Doumbouya based on any individualized determination regarding his criminal history.  *Cf. id.* (noting the government's argument that the petitioner "was targeted by ICE due to his criminal history").  Nor does the record suggest that they did.  *See, e.g., id.* (explaining that the "fact that

2

ICE lodged a detainer against [the petitioner] after his arrest by the police suggests that ICE engaged in individualized assessment before detaining him"). Indeed, nothing about the timing and context of government's detention decision—at a routine check-in nearly nine months after the cited arrest—suggests that it was based on an individualized assessment that he posed a risk to the community based on his arrest. *Cf. id.* (noting that the petitioner was detained by ICE "the same day he was released by" the local police). If anything, the record suggests the opposite, insofar as it shows that ICE concluded that Doumbouya was "subject to be re-detained now that bedspace [was] available." Doc. 4-1 at 2. Absent any evidence of an initial individualized detention decision, a bond redetermination hearing would be inappropriate. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 496–97 (S.D.N.Y. 2025).

Therefore, the Petition is GRANTED and the Respondents are ORDERED to immediately release Doumbouya from custody and certify compliance with the Court's order by filing an entry on the docket no later than March 3, 2026, at 5 p.m.

SO ORDERED.

Dated:   March 2, 2026
         New York, New York

                                              _____
                                              EDGARDO RAMOS
                                              United States District Judge